[Cite as *State v. Washington*, 2011-Ohio-3689.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95929

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BENNIE WASHINGTON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-539398

**BEFORE:**   E. Gallagher, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   July 28, 2011

**ATTORNEY FOR APPELLANT**

William L. Summers
William L. Summers & Associates Co., L.P.A.
Landerbrook Corporate Center II
5910 Landerbrook Dr., Suite 200
Cleveland, Ohio   44124

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Oscar E. Albores
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1}  Bennie Washington appeals from conviction following a bench trial.  Washington argues his two convictions for felonious assault with one- and three-year firearm specifications are against the manifest weight of the evidence.  For the following reasons, we affirm the decision of the trial court.

{¶ 2}  On July 13, 2010, the Cuyahoga County grand jury indicted Washington on two counts of felonious assault with one- and three-year

firearm specifications. Washington elected to try his case to the court and on September 27, 2010, the trial court conducted the trial. The state of Ohio presented the testimony of the victim, Francina Williams, Cleveland EMS employee, Danielle Forkapa, Cleveland Police Officer, Michael Bechtold, and Cleveland Detective, Paul Jones. Washington presented the testimony of his then girlfriend, Chermetria Rivers.

**{¶ 3}** The trial lasted one day and, on September 28, 2010, the trial court found Washington guilty as charged in the indictment. The court merged both charges of felonious assault as well as the firearm specifications for purposes of sentencing. The court then sentenced Washington to three years on the firearm specifications to run prior to, and consecutive with, a four-year sentence on the merged charges of felonious assault for a total prison term of seven years.

**{¶ 4}** During trial, Francina Williams testified that on the evening of June 11, 2010, Washington shot her in the back. Williams stated that she is a drug addict and that she knew Washington because she bought cocaine from him on multiple occasions. Williams testified that on the night of June 11, 2010, she was walking in the area of East 55th Street. Williams testified that she observed Washington on a porch of a nearby house. Williams acknowledged Washington and then cut through a yard. As she walked,

Williams heard something that caused her to turn around and when she turned, she observed Washington behind her. Williams testified that Washington claimed that she owed him $40 dollars. Williams stated that she denied owing Washington the money and walked away. Williams then heard Washington say, "I got something for you bitches, I'm sick and tired of you." Williams stated that she turned around and saw Washington pointing something silver at her that seemed to be glowing and that Washington attempted to cover the object with his other hand. Williams testified that she became frightened and ran from the area. However, as she fled, she heard a "pow" and felt her back start to burn. Williams then realized that Washington had shot her and she ran toward her apartment building. Williams testified that she asked her building's security officer to contact the police and an ambulance.

{¶ 5} EMS worker Danielle Forkapa received a call to respond to the scene for a female that had been shot. Ms. Forkapa testified that as she treated Williams, Williams was coherent and able to identify her shooter. Ms. Forkapa also confirmed that Williams's wound was from a gunshot. Ms. Forkapa testified that she transported Williams to MetroHealth Hospital for further care.

{¶ 6} Cleveland Police Officer Michael Bechtold and Detective Paul

Jones also responded to the scene in connection with the shooting. Both officers testified that Williams was coherent and that she was able to identify her assailant. Detective Jones further testified that after learning of Williams's identification of Washington as the shooter, he attempted to contact Washington but was unsuccessful.

{¶ 7} In response, Washington elicited the testimony of his then girlfriend, Chermetria Rivers. Ms. Rivers testified that she picked up Washington from the Euclid City jail and transported him straight to her home in Streetsboro. Ms. Rivers stated that she remained with Washington the entire night and that he never left the apartment.

{¶ 8} Washington appeals his conviction, raising the following assignment of error:

{¶ 9} "Appellant's convictions are against the manifest weight of the evidence."

{¶ 10} In evaluating a challenge based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court declared:

"Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'

"* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387, 547. (Internal citations omitted.)

{¶ 11} This court is mindful that weight of the evidence and the credibility of witnesses are primarily for the trier of fact and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." *State v. Lindsey*, 87 Ohio St.3d 479, 2000-Ohio-465, 721 N.E.2d 995. (Internal citation omitted.)

{¶ 12} In making this argument, Washington fails to state in any way,

how his convictions are against the manifest weight of the evidence. Nonetheless, in reviewing the entire record, we cannot say that the trial court lost its way in convicting Washington of two counts of felonious assault with one- and three-year firearm specifications. Williams testified that she knew Washington as she used to purchase drugs from him. Williams testified that she observed Washington raise a silver object towards her and, when she turned and ran, she heard a "pow" and her back started burning. Williams stated that there were no other people around that evening. EMS confirmed that Williams had been shot and Williams identified Washington as the shooter to EMS and police at the scene. Moreover, Williams never wavered in her identification of Washington as the shooter.

{¶ 13} Although Washington failed to make any such argument, he might have claimed that his version of events should have been believed. While Washington did present the testimony of his then girlfriend who stated that he was in Streetsboro the entire evening of June 11, 2010, the trier of fact is in the best position to weigh the evidence and the credibility of witnesses. As the reviewing court, we find that the trier of fact could reasonably conclude from the substantial evidence presented by the state, that the state has proven the offenses beyond a reasonable doubt. Accordingly, we cannot find that the trier of fact lost its way and created such

a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

{¶ 14} Based on the foregoing, Washington's sole assignment of error is overruled.

{¶ 15} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR